141 N.J. Super. 361 (1976)
358 A.2d 235
LINCOLN A. MAZZOLI, PLAINTIFF,
v.
LAMBERT H. MAGEE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 3, 1976.
*362 Mr. Gerardo A. Del Tufo for plaintiff (Messrs. Del Tufo & Paula, attorneys).
Mr. Anthony D. Buonadonna for defendant (Messrs. Tuso and Gruccio, attorneys).
*363 MILLER, J.C.C., Temporarily Assigned.
Defendant brings this summary judgment motion pursuant to R. 4:46-2 invoking the tort exemption provided by the New Jersey Automobile Reparations Reform Act, N.J.S.A. 39:6A-8, which states no person shall be liable for damages caused by the operation of an automobile, "if the bodily injury, is confined solely to the soft tissue of the body and the medical expenses incurred * * * is less than $200.00, exclusive of hospital expenses, X-rays and other diagnostic medical expenses," and N.J.S.A. 39:6A-2, subd. f(4), which defines hospital expenses as the cost of treatment by a physiotherapist. Defendant contends that the only bills that may be applied toward the $200 threshold of N.J.S.A. 39:6A-8 are the bills of the treating physician ($110), the bill for drugs ($2.10) and the bill of a consulting physician ($40), for a total of $152.10 in medical expenses. Plaintiff, in computing medical expenses, seeks to include the cost of physiotherapy rendered at a hospital as an out-patient at the direction of the treating physician, on the theory that physiotherapy is also "medical expenses," N.J.S.A. 39:6A-2(e), and as such crosses the threshold provided by N.J.S.A. 39:6A-8.
Succinctly, if out-patient physiotherapy constitutes "medical expenses" rather than "hospital expenses," the threshold is crossed; if it does not, defendant is immune from suit.
In order to determine the intent of the Legislature it is necessary to consult N.J.S.A. 39:6A-2, which contains definitions of words or phrases used in the statute. N.J.S.A. 39:6A-2 (e) defines "medical expenses" to include, among other things "hospital services, rehabilitation services * * * X-ray and other diagnostic services * * * and other reasonable and necessary expenses resulting from the treatment prescribed by persons licensed to practice medicine and surgery * * *."
N.J.S.A. 39:6A-2, subd. f defines "hospital expenses" to include, among other things, "the cost of treatment by a physiotherapist."
*364 There is obviously a duplication of some terms. This is because some services are rendered by hospitals both to inpatients as a part of hospital care and treatment, and also on an out-patient basis. Such is the case with X-rays, with certain diagnostic tests and with physiotherapy, it appearing from an affidavit supplied the court that approximately 50% of all physiotherapy is rendered to out-patients. It was obviously necessary for the Legislature to include such duplicatory terms because of this type of situation.
In the instant case the physiotherapy was either a part of rehabilitation services under N.J.S.A. 39:6A-2(e), or one of the other "reasonable and necessary expenses resulting from the treatment prescribed by" a physiotherapist. The result is the same in either event. Such expenses are to be considered as medical expenses. The threshold is reached, and summary judgment is denied.