ARTHUR McGEE, JR., PLAINTIFF, v. ARTHUR McGEE, SR., DEFENDANT.

Superior Court of New Jersey
Law Division Somerset County

Decided December 18, 1981.

*Ishmael Sklarew* for plaintiff.

*Mark A. Gelfand* for defendant (*Martino & Mosolino*, attorneys).

GAYNOR, J. S. C.

By this motion for summary judgment defendant seeks a dismissal of the complaint on the ground that the action is barred by virtue of the exemption from tort liability contained in *N.J.S.A.* 39:6A–8. In opposing the motion plaintiff contends that he has met the threshold requirement which renders the statutory exemption inapplicable.

The underlying facts relevant to a consideration of this motion are not in dispute. Plaintiff suffered a contusion of the right kidney, admittedly a soft tissue injury, as a result of the alleged negligent operation of a truck by defendant. Examina-

tion and testing conducted in the emergency room of the hospital indicated a microscopic hematuria which prompted the attending physician to hospitalize plaintiff for the necessary supervised bed rest and care. Such hospitalization was prescribed by the treating physician as reasonable and necessary treatment of plaintiff's injury. Plaintiff was hospitalized for seven days, during which time further X-rays and blood tests were administered. He was discharged for office follow-up and in a few weeks had resumed his normal activities, suffering no permanent disability. The physician's charges for the treatment rendered to plaintiff was $150, and the hospital expenses approximated $1,000.

Defendant considers that the only medical expense incurred by plaintiff is the physician's bill of $150 and, as this is less than the requisite threshold, the statutory exemption from tort liability is applicable, thereby precluding plaintiff from seeking damages from defendant because of any injury resulting from the accident. This position is disputed by plaintiff, who contends that the cost of his hospitalization qualifies as a medical expense inasmuch as it was incurred as a "reasonable and necessary" expense resulting from the treatment prescribed by his physician. Thus, plaintiff asserts that he has met the threshold.

The exemption from tort liability provided by the statute is applicable to claims for soft tissue injury where the medical expenses incurred or to be incurred for the reasonable and necessary treatment of such injury is less than $200, exclusive of hospital expenses, X-rays and other diagnostic medical expense. *N.J.S.A.* 39:6A–8. Medical expense includes "expenses for medical treatment . . . hospital services, rehabilitation services, X-ray and other diagnostic services . . . medication and other reasonable and necessary expenses resulting from the treatment prescribed by persons licensed to practice medicine. . ." *N.J.S.A.* 39:6A–2. Hospital expenses mean the cost of a semi-private room, meals, services rendered in the care and treatment of patients, treatment by a physiotherapist and prescribed medical supplies. *N.J.S.A.* 39:6A–2.

While plaintiff acknowledges that hospital expenses are excluded in determining the threshold amount of medical expenses, he claims that such expenses should be considered as medical expenses when the hospitalization is prescribed by the treating physician as reasonable and necessary treatment for the injury sustained. It is asserted that the supervised care and bed rest, available only to plaintiff while in the hospital, was prescribed by his physician as reasonable and necessary treatment for his injury, and thus the cost of his hospitalization was a medical expense in accord with its statutory definition as including "other reasonable and necessary expenses resulting from the treatment prescribed" by a physician, and not an excludable hospital expense.

In support of his contention, plaintiff cites the case of *Mazzoli v. Magee*, 141 *N.J.Super.* 361 (Law Div.1976), which held that the cost of out-patient physiotherapy constituted "medical expense" rather than "hospital expense" and thus could be included in determining the amount of medical expense for threshold purposes under *N.J.S.A.* 39:6A–8. In so concluding, the court reasoned that the inclusion of the cost of physiotherapy treatment in defining hospital expenses in one section of the statute, *N.J.S.A.* 39:6A–2(b), while including "rehabilitation services" in the definition of medical expenses in subsection (e) of the statute, indicated a legislative intention to differentiate between in-patient and out-patient physiotherapy treatment, with the former being considered as a hospital expense and the latter as a medical expense. It was also suggested by the court that the cost of out-patient physiotherapy could be considered as other "reasonable and necessary expenses resulting from the treatment prescribed" by a physiotherapist and thus qualify as a medical expense for the purpose of meeting the threshold requirement. Acceptance of the validity of such reasoning is not conclusive of the issue presented in the subject case because of the distinguishing factual circumstances. While out-patient physiotherapy might be so classified as a medical expense, usual

and ordinary care and treatment rendered by a hospital to an in-patient suffering from a soft tissue injury is not in the same category.

Assuming, as we must, that plaintiff's hospitalization was considered by his physician as being necessary treatment, *i.e.*, supervised care and bed rest, for the injury sustained, this fact would not change the cost of such hospital treatment from a "hospital expense" to a "medical expense" for the purpose of determining whether or not the statutory exemption for tort liability is applicable. Although persons are hospitalized for a variety of reasons, a benefit received by all hospital patients is the supervised care and bed rest available to them during their hospitalization. Also, it is not uncommon for injured or ill persons to be hospitalized at times for observation and monitoring of their condition. Such admissions, *a fortiori*, had to have been considered necessary treatment by the admitting physician. There is no reason for concluding that the Legislature, in defining medical and hospital expenses and using these terms in the several provisions of the No-Fault Law, was not aware of the various functions of hospitals in the care and treatment of persons injured as a result of an automobile accident, including the rendering of supervised care and bed rest not otherwise available.

It is apparent from the provisions of the statute that the legislative intent was to include the cost of *all* medical care and treatment rendered by the hospital as "hospital expenses".

In view of the specific inclusion of "hospital expense" as a "medical expense" in *N.J.S.A.* 39:6A–2, a construction of the phrase "other reasonable and necessary expenses resulting from treatment prescribed," which is contained in the same section, as including prescribed hospital expenses, would be a redundancy. Such a reading of the statute should be avoided. *Mentus v. Irvington,* 79 *N.J.Super.* 465 (Law Div.1963). Further, the interpretation sought by plaintiff would, in effect, render meaningless the statutory exclusion of hospital expenses in ascertaining whether the threshold had been met, and also would effectively

expand the exclusionary provision of the statute by making it applicable only to those expenses resulting from a hospitalization deemed to be unreasonable or unnecessary treatment. Legislative language should not be found to be inoperative or meaningless, *Hackensack Bd. of Ed. v. Hackensack*, 63 *N.J.Super.* 560 (App.Div., 1960), nor may the scope of a statute be extended by judicial construction beyond a clearly expressed legislative intent. *N. J. Mfrs. Ins. Co. v. Keystone Ins. Co.*, 112 *N.J.Super.* 585 (Ch.Div.1971).

It is, therefore, our conclusion that the hospital expenses incurred by plaintiff do not constitute includable medical expenses in determining the threshold under *N.J.S.A.* 39:6A–8, thereby permitting plaintiff to maintain the subject action. There being no genuine issue of any material fact as to the applicability of the statutory exemption of tort liability, it is appropriate that the issue of defendant's liability be determined in a summary manner. *R.* 4:46–2; *Judson v. Peoples Bank & Trust Co. of Westfield*, 17 *N.J.* 67 (1954). Accordingly, defendant's motion for judgment dismissing plaintiff's complaint is granted.